IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARA SACRA,                        )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    No. 09 C 6771
                                   )
RTKL ASSOCIATES, INC.,             )
                                   )
            Defendant.             )

MEMORANDUM ORDER

RTKL Associates, Inc. ("RTKL") has filed its Answer to the age discrimination Complaint brought against it by its ex-employee Sara Sacra ("Sacra"). This sua sponte memorandum order has primarily been triggered by some of the affirmative defenses ("ADs") that follow the Answer itself.

First, however, a brief comment about RTKL's invocation of the disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for getting the benefit of a deemed denial. In each instance RTKL has followed the proper form of such a disclaimer with the phrase "and therefore demands proof of same." That of course adds nothing to the mix (though it is better than the meaningless demand for "strict proof"--in that respect, see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), for Sacra must perforce prove everything that she alleges that constitutes part of her lawsuit. RTKL's counsel would do well to eliminate that usage.

As for the ADs, several are problematic and require reworking or elimination. Here they are:

1. Each of ADs 2, 5 and 6 contains the hedge phrase "to the extent." That usage is a telltale tipoff to RTKL's failure to comply with the notice pleading regime that federal practice imposes on defendants and plaintiffs alike. All of those ADs are therefore stricken, but without prejudice to their possible prompt reassertion in a particularized way that apprises both Sacra's counsel and this Court of the specific nature of Sacra's claimed deficiency or deficiencies.

2. AD 3 is inconsistent with the allegations in Sacra's Complaint, so that it does not fulfill the role prescribed for ADs by Rule 8(c) and the caselaw construing it. In that respect, see App'x ¶5 to State Farm.

3. It is difficult to reconcile AD 7 and its claim of laches with the facts that RTKL has admitted as to Sacra's assertion of her claim. Answer ¶¶1 and 3 admit that Sacra's employment terminated on November 12, 2008, while Answer ¶7 acknowledges that Sacra filed her Charge of Discrimination with the administrative agencies just three months later--on or about February 13, 2009. Then Sacra filed this action within the statutorily prescribed 90-day period after receipt of EEOC's right-to-sue letter. That scarcely seems the stuff of which a laches defense can be fashioned. AD 7

is stricken.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: December 1, 2009

---

[1] It might be mildly interesting to look into the files of RTKL's counsel in other cases to see how <u>they</u> would fare under the kind of standard they have sought to advance in AD 7.